IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE DERRICK BOND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-241 |
| | ) | |
| v. | ) | Judge Cercone |
| | ) | Magistrate Judge Caiazza |
| FNU RHODES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

Aside from the exceptions which follow, it is respectfully recommended that the Defendants' Motion to Dismiss or, in the alternative, for a more definite statement be denied.  It is further recommended that all of Plaintiff's state law actions, except for the conversion of property claim, be dismissed with prejudice because the Plaintiff has failed to state a claim upon which relief may be granted.  Finally, it is recommended that the Plaintiff's First Amendment right of access to the courts claim be dismissed, without prejudice.

### II.   REPORT

Jesse Derrick Bond ("the Plaintiff" or "Bond"), a state prisoner condemned to death, commenced a civil rights action pursuant to the provisions of 42 U.S.C. §§ 1983 and 1985, alleging violations of his First, Fifth, Eighth and Fourteenth Amendment Constitutional rights.  He also invoked this court's

pendent jurisdiction for the state law claims which follow: *i.e.,* intentional infliction of emotional distress, defamation, conversion and official oppression.  The Defendants filed a Motion to Dismiss based on the provisions of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The Defendants also claim that the Plaintiff has failed to show a physical injury.  See 42 U.S.C. § 1997e(e).  Finally, it's relevant for the proper disposition of this case to acknowledge that the Plaintiff is proceeding *in forma pauperis.*

## A.   Applicable Legal Principles

### 1.   Motion to Dismiss Standard

The Court of Appeals for the Third Circuit has set out the standard of review applicable to motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6):

> [Courts] must accept as true all of the
> factual allegations in the complaint as well
> as the reasonable inferences that can be
> drawn from them. *Moore v. Tartler,* 986 F.2d
> 682, 685 (3d Cir.1993). We may dismiss the
> complaint only if it is clear that no relief
> could be granted under any set of facts that
> could be proved consistent with the
> allegations.

Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).

Moreover, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

"Although authorized by the Federal Rules of Civil Procedure, the liberal rules as to the sufficiency of a complaint make it a rare case in which a motion [to dismiss] should be granted." St. Joseph's Hosp., Inc. v. Hosp. Corp. of America, 795 F.2d 948, 953 (11th Cir. 1986).

### 2.   The Prison Litigation Reform Act

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions commenced by prisoners in an effort to curb the increasing number of frivolous and harassing law suits.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  The PLRA significantly amended the statutory provisions with respect to actions commenced by prisoners who are proceeding in forma pauperis ("IFP").  The amended version of the statute now provides that courts may sua sponte dismiss a complaint filed by a prisoner who has been granted IFP, if the complaint, inter alia, "fails to state a claim on which relief may be granted[.]"  28 U.S.C. §1915(e)(2).

Here, the Plaintiff has been granted IFP status and at the time he commenced this action he was a prisoner within the meaning of 28 U.S.C. §1915.[1]  That said, the court is required to

---

[1]  The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

dismiss *sua sponte* at any time a complaint submitted by a
prisoner proceeding IFP when it fails to state a claim on which
relief may be granted. 28 U.S.C. § 1915(e)(2). See, e.g., Keener
v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145
n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the
PLRA provision mandating sua sponte dismissal of in forma
pauperis actions that are frivolous or fail to state a claim").
The court's obligation is not excused even if the defendants have
filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d
1122, 1126 n.6 (9th Cir. 2000).  In performing a court's mandated
function of *sua sponte* reviewing complaints under 28 U.S.C.
§ 1915(e) to determine whether they fail to state a claim upon
which relief can be granted, a federal district court applies the
same standard applied to motions to dismiss under Federal Rule of
Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F.
Supp. 134, 135 (E.D. Va. 1997) ("Under  28 U.S.C. §§ 1915A,
1915(e) and 42 U.S.C. § 1997e (c) the courts are directed to
dismiss any claims made by inmates that 'fail to state a claim
upon which relief could be granted'.  This is the familiar
standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."),
aff'd, 116 F.3d 473 (4th Cir. 1997) (Table); Powell v. Hoover,
956 F.Supp. 564, 568 (M.D.Pa. 1997) (applying Rule 12(b)(6)
standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

-4-

## B.  **Discussion**

### 1. **The Defendants' Motion to Dismiss/More Definite Statement**

The Defendants moved to dismiss Bond's claims based upon the

argument that the provisions of 42 U.S.C. § 1997e(e) bar any

claims for compensatory damages absent a showing of physical

injury.  Section 1997e(e), entitled "Limitation on recovery,"

provides:  "No Federal civil action may be brought by a prisoner

confined in a jail, prison, or other correctional facility, for

mental or emotional injury suffered while in custody without a

prior showing of physical injury."  The Court of Appeals requires

that the injury alleged be "a less-than-significant-but-

more-than-de minimis physical injury as a predicate to

allegations of emotional injury."  Mitchell v. Horn, 318 F.3d

523, 536 (3d Cir. 2003).

The Plaintiff counters by claiming that he alleged a

physical injury in the form of a retaliatory act when his

breakfast on April 19, 2003 was purportedly tampered with and as

a result he experienced an "upset stomach and a serious case of

diarrhea."  Doc. 6-1 at 21, ¶ 48.  This court cannot conclude as

a matter of law that the injuries alleged by the Plaintiff fail

to satisfy the statutory requirement.  Moreover, given the

liberal pleading standard of the Federal Rules, it is not clear

whether the provisions of 42 U.S.C. § 1997e(e) establish a

heightened pleading requirement.[2]

The Defendants also sought dismissal of Bond's Complaint as being violative of Federal Rule of Civil Procedure. No. 8(a)(2), which requires the allegations in a complaint to set out a "short and plain statement of the claim."  Although somewhat lengthy, the court finds that Bond's Complaint does not violate Rule 8. In the alternative, the Defendants request the court to direct the Plaintiff to file a more definite statement in his Complaint. However, Rule 12(e)[3] requires the Defendants to specifically point out the deficiencies in Bond's Complaint.  That burden has not been satisfied.  See, e.g., Green v. First Reliance Standard Life Ins. Co., No. 96 CIV. 6859, 1997 WL 249967 (S.D.N.Y., May 12, 1997); Braden v. Callaway, 4 F.R.D. 147, 149 (E.D. Tenn. 1943).

### 2. PLRA Dismissal

#### a.   First Amendment Right of Access to Courts

Bond alleges in his Complaint that his First Amendment Right of Access to the Courts was denied "when his personal legal property was taken by the defendants as part of their retaliation

---

[2]   The Court is aware of the case of Mower v. Dauphin County Prison, No. Civ.A. 1:CV-05-0909, 2005 WL 1322738 (M.D.Pa. 2005), wherein the Middle District court held that a prisoner's claim of "inability to eat and severe diarrhea" were insufficient as a matter of law to satisfy Section 1997e(e) and so dismissed the complaint sua sponte. Respectfully, the court does not find the case persuasive.

[3]   Fed.R.Civ.P. 12(e) provides in relevant part that "[t]he motion shall point out the defects complained of and the details desired."

and was not returned." Doc. 6-1 at ¶ 92. The Plaintiff's claim,
however, fails to satisfy the requirements of <u>Christopher v.
Harbury</u>, 536 U.S. 403, 416 (2002)(a denial of access claim must
plead with sufficient specificity the contours of the lost suit
caused by the defendant's conduct). Parenthetically, the
Plaintiff's First Amendment retaliation claim remains in tact.

### b. **The State law claims**

The Plaintiff also invokes this court's supplemental
jurisdiction, formerly known as "pendent jurisdiction"[4], to raise
a series of state law claims: *i.e.*, 1) intentional infliction of
emotional distress;[5] 2) defamation;[6] 3) conversion[7]; and 4)
official oppression.[8]

First, Bond's intentional infliction of emotional distress
and defamation claims are barred by the Pennsylvania Sovereign
Immunity statute. 42 Pa. Cons. Stat. Ann. § 8522; <u>see</u>, <u>e.g.</u>,
<u>McGrath v. Johnson</u>, 67 F.Supp.2d 499, 511-12 (E.D. Pa.
1999)(holding state law claims of intentional torts barred by
Sovereign Immunity Statute), <u>aff'd</u>, 35 Fed.Appx. 357 (3d Cir.
2002)(TABLE). Bond's conversion remains viable at this juncture

---

[4] <u>Giles v. NYLCare Health Plans, Inc.</u>, 172 F.3d 332, 338 (5th Cir.
1999).

[5] Doc. 6-1 at ¶¶ 81-84.

[6] <u>Id</u>. at ¶¶ 85-89.

[7] <u>Id</u>. at ¶¶ 93-95.

[8] <u>Id</u>. at ¶¶ 96-99.

because it comes within an exception to the Sovereign Immunity statute.   42 Pa. Cons. Stat. Ann. § 8522(b)(3).[9]

Finally, with respect to the Plaintiff's state law claim in which he alleges that the Defendants engaged in "official oppression" in violation of the provisions of 18 Pa. Cons. Stat. Ann. § 5301, Bond fails to state a claim as a matter of law because the statute provides no private cause of action.   See, e.g., Demeter v. City of Bethlehem, No. CIV.A. 03-6825, 2004 WL 614779, *4 (E.D.Pa. Feb. 13, 2004); Taylor v. City of Philadelphia, No. CIV.A. 96-740, 1998 WL 151802, at *12 (E.D.Pa. April 1, 1998) ("There is no private cause of action for 'official oppression' in Pennsylvania.") (collecting cases); D'Errico v. DeFazio, 763 A.2d 424, 429-30 (Pa. Super. 2000), appeal denied, 782 A.2d 546 (Pa. 2000).

Hence, all of the state law actions, except for the conversion claim, should be dismissed with prejudice.

---

[9]   42 Pa. Cons. Stat. Ann. § 8522(b)(3) provides in relevant part as follows:

> (b) Acts which may impose liability.--The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> . . .
>
> (3) Care, custody or control of personal property.--The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency . . . .

## III.   **CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. §
636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are
allowed ten (10) days from the date of service to file written
objections to this report.   Any party opposing the objections
shall have seven (7) days from the date of service of the
objections to respond thereto.   Failure to timely file objections
may constitute a waiver of any appellate rights.

April 12, 2006

cc:

Jesse Derrick Bond
BZ-2493
Box 244
Graterford, PA 19426-0244

Craig E. Maravich, Esq. (via email)

Francis X. Caiazza
U.S. Magistrate Judge