IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSE BOND,                    )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No. 05-241
                               )
FNU RHODES, et al.,            )
                               )
        Defendants.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Motion for Temporary Restraining Order and/or Preliminary Injunction filed by Jesse Bond be denied.

### II. REPORT

The Plaintiff, Jesse Bond ("Bond" or "the Plaintiff"), has filed a Motion for Temporary Restraining Order and/or for a Preliminary Injunction in which he asks the court to direct his transfer from his current placement at the State Correctional Institution at Greene ("SCI-Greene"), to the State Correctional Institution at Graterford. Bond alleges in his Complaint that he was physically assaulted by guards at SCI Greene in November, 2005, in retaliation for having filed grievances and a lawsuit. Bond attaches affidavits detailing the alleged assault; however, he does not provide any evidence -nor does he allege- that any

further retaliatory actions have occurred or are likely to occur. The Defendants have filed a response and assert, inter alia, that Bond has not met the requirement of establishing imminent irreparable harm.

The court agrees.

In determining whether a temporary restraining order is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F. Supp. 445 (E. D. Pa.1994).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968 (1997) (emphasis deleted). With respect to the second consideration, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the

moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v ConAgra, Inc. 977 F.2d 86, 91 (3d Cir. 1992)(internal quotations omitted, emphasis in original); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000)(harm may not be speculative).

Here, Bond has provided no evidence which would support a finding that he is in danger of any harm, much less harm that is both immediate and irreparable. His allegations of physical abuse at the hands of SCI Greene personnel are now a year old, yet these are the only factual allegations he relies upon in seeking injunctive relief. He offers no reason to suspect that similar behavior has occurred since that time, nor has he offered evidence which would suggest that he is likely to be exposed to any harm in the future. Bond has, accordingly, not established a likelihood of "immediate irreparable harm" and his motion should be denied.

### III. CONCLUSION

It is recommended that Bond's Motion for Temporary Restraining Order and/or for Preliminary Injunction be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date

of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

*Francis X. Caiazza*

FRANCIS X. CAIAZZA
United States Magistrate Judge

Dated:   November 14, 2006